IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIKIMA SMASH | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| DOVER DOWNS, INC. | : | |
| | : | |
| | : | |
| Defendant. | : | |

# COMPLAINT

## THE PARTIES

1. Plaintiff, Tikima Smash ("Plaintiff") was at all times relevant to this complaint a resident of Glen Mills, Pennsylvania.

2. Defendant, Dover Downs, Inc., ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, §704 of Title VII, The Pregnancy Discrimination Act (PDA), as amended, and the Delaware Discrimination in Employment Act ("State Discrimination Act"), 19 Del. C. §710, et seq. Accordingly, this Court has

jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

4. The action is also being brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory employment practices of the Defendant.

## VENUE

5. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff timely filed a written charge of discrimination with the Equal Employment Opportunity Commission on February 13, 2020.

7. The Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff August 5, 2021. EEOC Right to Sue Notice attached as Exhibit 1.

## FACTS

8. Plaintiff was originally hired on August 28, 2019 as a table games dealer at Dover Downs.

9. Two weeks after her hiring, Plaintiff alerted human resources ("HR") that she was pregnant.

10. In fact, Plaintiff signed paperwork regarding her pregnancy and related anticipated leave.

11. Throughout her employment, Plaintiff was a committed, loyal, respectful, prompt employee.

12. Plaintiff also informed her immediate supervisor/pit boss Winnie Pong ("Pong") that she was pregnant.

13. On or around September 20, Pong complained to Plaintiff that Plaintiff was "showing", referring to Plaintiff's pregnancy, and forbid Plaintiff to wear elastic pants in accommodation of her pregnancy.

14. Two days later, on September 22, Plaintiff came into work at 7:30 pm and spoke with head pit boss, Pong who informed Plaintiff that she was not a "good fit" and thereafter unlawfully terminated Plaintiff.

## COUNT I-SEX AND PREGNANCY DISCRIMINATION

15. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

16. Such acts as described about by Defendant constitute unlawful sex discrimination against Plaintiff in violation of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII").

17. Title VII as amended by the PDA, recognizes that discrimination based on pregnancy is by definition discrimination on the basis of sex.

18. The PDA mandates that employers treat pregnant employees the same as non-pregnant employees who are similarly situated with respect to their ability to work. *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 363-64 (3rd Cir.2008) (quoting *In re: Carnegie Ctr. Assoc.*, 12,9 F.3d 290 (3d Cir.1997)).

19. In a case alleging pregnancy discrimination, to raise an inference of any unlawful discharge a plaintiff must adduce evidence that: 1) she was pregnant, and, that the employer knew it; 2) she was qualified for her job; 3) she suffered an adverse employment decision; and 4) there is some nexus between her pregnancy and the adverse employment action. Id. (citations omitted).

20. Here, Smash was pregnant and there was no doubt that Dover Downs was on notice of such.

21. Smash was qualified for the position.

22. Smash was terminated as a result of her pregnancy.

23. Smash's termination was directly connected to her pregnancy as confirmed by her supervisor Pong complaining to Plaintiff that Plaintiff was "showing", referring to Plaintiff's pregnancy, and forbid Plaintiff to wear elastic pants in accommodation of her pregnancy, then terminating her immediately afterwards.

24. As a direct and proximate result of Defendants' unlawful discrimination by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits.

## COUNT I: VIOLATION OF DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

25. Plaintiff hereby incorporates by reference all previous paragraphs as though set forth in full herein.

26. The effect of the practices complained of in paragraphs 1-24, has been to unlawfully discharge Plaintiff, and otherwise discriminate against her with respect to compensation, terms, conditions or privileges of employment because of her sex and pregnancy.

27. The unlawful employment practices complained of were intentional.

28. The unlawful employment practices complained of were done with malice or with reckless indifference to the protected rights of Plaintiff.

29. Plaintiff has suffered damages including loss of back pay, front pay, and her actual and compensatory damages including but limited to damages relating to her severe emotional distress, and punitive damages.

**WHEREFORE**, Plaintiff requests this Honorable Court enter a judgment in his favor and against the Defendants as follows:

a. Declare the conduct engaged in by the Defendant to be in violation of the plaintiff's statutory rights.

b. Order the rehiring of the Plaintiff at a level which is commensurate with her time and experience previously held by the Plaintiff, or in lieu thereof granting the Plaintiff front pay to compensate him for pecuniary losses she will suffer as a result of Defendant's wrongful conduct.

c. Award the Plaintiff back pay compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

d. Award the Plaintiff sufficient funds to compensate for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

e. Award the Plaintiff compensatory such as front pay and punitive damages not otherwise specified.

f. Award the Plaintiff any and all other liquidated damages, which would make them "whole".

g. Award the Plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and

h. Such other and further relief as this Court deems just and proper.

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esq.
DE Bar I.D. No. 4447
1475 South Governors Ave.
Dover, DE 19904
(302) 702-5500
*Attorney for Plaintiff Tikima Smash*

Dated: November 3, 2021